1
2
3
4        IN THE CIRCUIT COURT OF THE STATE OF OREGON

5            FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| **M.S.** and **B.Y.**, proceeding under pseudonyms, ) | Case No.  25CV42363 |
| Plaintiffs, ) | COMPLAINT |
| v. ) | Civil Rights Violations of 8th and 14th Amendments – 42 U.S.C. § 1983; Negligence; Sexual Battery – *Respondeat Superior* |
| **STATE OF OREGON**, by and through the Oregon Youth Authority; **KAREN BRAZEAU**; **BOBBY MINK**; **COLETTE PETERS**; **CHRIS DUVAL**; **LORY HUMBERT**; **ROBERT L. BLACKSMITH**; and **ALEX BLEVINS**; ) | JURY TRIAL DEMANDED |
| | Not Subject to Mandatory Arbitration |
| Defendants. ) | Filing Fee: ORS 21.160(1)(e) |
| | Amount Prayed For: $10,200,000 |

## NATURE OF ACTION

### 1.

At all times material, Plaintiffs were juveniles adjudicated in Oregon and ultimately committed to the care and custody of the Oregon Youth Authority (the "OYA"). The OYA's stated purpose is in part to "provide youth with treatment, education, and other guidance to help them take responsibility for their behavior" and "do so in safe, supportive environments that will help them become responsible, community-minded citizens."[1] The OYA placed Plaintiff M.S. at

---

[1] *About Oregon Youth Authority*, https://www.oregon.gov/oya/aboutoya/pages/default.aspx (last visited Feb. 13, 2025)

**GALM LAW**
50 SW Pine Street, Suite 403
Portland, OR 97204
Phone: (503) 641-6000

**CREW JANCI LLP**
9755 SW Barnes Road, Suite 430
Portland, Oregon 97225
Phone: (503) 306-0224

**EXHIBIT 1**
**Page 1 of 29**

1  the Hillcrest Youth Correctional Facility in Salem, Oregon ("Hillcrest") at some point during

2  their confinement. While housed at Hillcrest, Plaintiff M.S. was sexually abused by Robert

3  Blacksmith, a staff member at Hillcrest. The sexual abuse of M.S. occurred between

4  approximately 2001 and 2002 and included, *inter alia*, skin-on-skin fondling and groping of

5  M.S.'s genitals. The OYA placed Plaintiff B.Y. at the Oak Creek Youth Correctional Facility in

6  Albany, Oregon ("Oak Creek") at some point during her confinement. While housed at Oak

7  Creek, Plaintiff B.Y. was sexually abused by Alex Blevins, a Group Life Coordinator. The

8  sexual abuse of B.Y. occurred between approximately 2009 and 2011 and included, *inter alia*,

9  skin-on-skin fondling and groping of Plaintiff's breasts and genitals as well as forced

10  masturbation.

11

12                                    **PARTIES**

13                                         2.

14

15        Both Plaintiffs were at all relevant times residents of the State of Oregon and in the

16  custody of the OYA as adjudicated youth. Furthermore, Plaintiffs are proceeding under

17  pseudonyms because of the sensitive and embarrassing nature of the allegations contained

18  herein. Moreover, revealing their identities as survivors of childhood sexual abuse would subject

19  Plaintiffs and their families to humiliation, embarrassment, and emotional distress. Plaintiffs will

20  be filing a motion to proceed under pseudonyms concurrently with this complaint, and their

21  identity will be promptly provided to counsel for Defendants, subject to reasonable assurances of

22  confidentiality.

23  ///

24  ///

25  ///

26

Page 2 – COMPLAINT

**GALM LAW**
50 SW Pine Street, Suite 403
Portland, OR 97204
Phone: (503) 641-6000

**CREW JANCI LLP**
9755 SW Barnes Road, Suite 430
Portland, Oregon 97225
Phone: (503) 306-0224

**EXHIBIT 1**
**Page 2 of 29**

1          3.

2          Plaintiff M.S. is a 38-year-old non-binary[2] resident of the State of Oregon. At all times

3    relevant to the wrongful conduct complained of herein, Plaintiff was in the legal and physical

4    custody of OYA.

5          4.

6

7          Plaintiff B.Y. is a 32-year-old female resident of the State of Oregon. At all times

8    relevant to the wrongful conduct complained of herein, Plaintiff was in the legal and physical

9    custody of OYA.

10          5.

11          The OYA is a duly authorized agency of Defendant State of Oregon. OYA operates

12    facilities across Oregon where youth offenders are housed and treated, including Hillcrest, when

13    it was still operating, and Oak Creek. Under the Oregon Tort Claims Act, OYA is subject to

14    liability for the torts of its officers, employees, and agents acting within the scope of their

15    employment or duties.

16

17          6.

18          Defendant KAREN BRAZEAU was the Director of OYA from 2001 through 2004. As

19    the Director of OYA, she was employed by OYA, a state administrative agency, and acting

20    under the color of state law. All conduct alleged below occurred within the scope of the

21    Director's employment with the OYA. Defendant Brazeau is sued in her individual capacity.

22    ///

23    ///

24

25    _____

26    [2] Plaintiff M.S. is non-binary person who was assigned male at birth. M.S. presented as male when they were
incarcerated in OYA custody.

**GALM LAW**          **CREW JANCI LLP**
                              50 SW Pine Street, Suite 403          9755 SW Barnes Road, Suite 430
                              Portland, OR 97204          Portland, Oregon 97225
                              Phone: (503) 641-6000          Phone: (503) 306-0224

**EXHIBIT 1**
**Page 3 of 29**

7.

Defendant BOBBY MINK was the Interim Director of OYA from 2008 through 2009. As the Director of OYA, he was employed by OYA, a state administrative agency, and acting under the color of state law. All conduct alleged below occurred within the scope of the Director's employment with the OYA. Defendant Mink is sued in his individual capacity.

8.

Defendant COLETTE PETERS was the Director of OYA from 2009 through 2012. As the Director of OYA, she was employed by OYA, a state administrative agency, and acting under the color of state law. All conduct alleged below occurred within the scope of the Director's employment with the OYA. Defendant Peters is sued in her individual capacity.

9.

All the individual Defendant directors listed above will be collectively referred to as "Directors."

10.

Based on information and belief, Defendant CHRIS DUVAL was the Superintendent of Hillcrest Youth Correctional Facility from 1996-2006. At all relevant times, Defendant Duval was employed by OYA as superintendent of the Hillcrest facility and acting under the color of state law. All conduct alleged below occurred within the scope of the Superintendent's employment with the OYA. Defendant Duval is sued in his individual capacity.

11.

Defendant LORY HUMBERT was the Superintendent of Oak Creek from 2008 through 2012. As the Superintendent of Oak Creek, she was employed by OYA, a state administrative agency, and was acting under the color of state law. All conduct alleged below occurred within

GALM LAW
50 SW Pine Street, Suite 403
Portland, OR 97204
Phone: (503) 641-6000

CREW JANCI LLP
9755 SW Barnes Road, Suite 430
Portland, Oregon 97225
Phone: (503) 306-0224

EXHIBIT 1
Page 4 of 29

1    the scope of the Superintendent's employment with the OYA. Defendant Humbert is sued in her

2    individual capacity.

3                                      12.

4        The individual Defendant Superintendents listed above will be referred to as

5    "Superintendents."

6                                      13.

7        At all times material, Defendant ROBERT L. BLACKSMITH was employed by OYA, a

8

9    state administrative agency, and acting under the color of state law. All conduct alleged below

10   occurred within the scope of his employment with the OYA or resulted from acts within the

11   scope of that employment. Defendant Blacksmith is sued in his individual capacity.

12                                     14.

13       At all times material, Defendant ALEX BLEVINS was employed by OYA, a state

14

15   administrative agency, and acting under the color of state law. All conduct alleged below

16   occurred within the scope of his employment with the OYA or resulted from acts within the

17   scope of that employment. Defendant Blevins is sued in his individual capacity.

18                                     15.

19        Defendants Robert Blacksmith and Alex Blevins, as discussed below, engaged in

20   intentional conduct resulting in one or more of the following: mental injury, rape, sexual assault,

21   and/or sexual exploitation of Plaintiff as those terms are defined in ORS 12.117.

22                **OYA'S CULTURE OF SILENCE AROUND SEXUAL ABUSE**

23                                     16.

24

25       Youth are committed to OYA's legal and physical custody by county juvenile courts.

26   OYA serves adjudicated youth between the ages of 12 and 25. OYA's youth correctional

Page 5 – COMPLAINT          **GALM LAW**          **CREW JANCI LLP**
                                  50 SW Pine Street, Suite 403    9755 SW Barnes Road, Suite 430
                                  Portland, OR 97204              Portland, Oregon 97225
                                  Phone: (503) 641-6000           Phone: (503) 306-0224

                                                                  **EXHIBIT 1**
                                                                  **Page 5 of 29**

1  facilities include Eastern Oregon Youth Correctional Facility, MacLaren Youth Correctional

2  Facility, Oak Creek Youth Correctional Facility, Rogue Valley Youth Correctional Facility,

3  Tillamook Youth Correctional Facility, Northern Oregon Regional Correctional Facilities

4  (NORCOR), and formerly Hillcrest Youth Correctional Facility, which is now closed

5  (hereinafter collectively "youth correctional facilities").

6                                          17.

7          In addition to youth correctional facilities, OYA also operates transition programs. These

8  transition facilities include Camp Florence Youth Transitional Facility, Riverbend, Camp

9  Tillamook Youth Transitional Facility, and Jackie Winters Youth Transition Program.

10                                         18.

11         "With a goal of being a national leader," OYA boasts that it quickly began implementing

12  the standards set out by the federal 2003 Prison Rape Elimination Act ("PREA").[3] The PREA

13  created federal standards for preventing, detecting, monitoring, and responding to sexual abuse

14  in both adult and juvenile custody settings. On information and belief, the passage of the PREA

15  in 2003 followed an extended period of more localized awareness (including within OYA) of a

16  sustained and systemic problem of sexual abuse of adjudicated youth in youth correctional

17  facilities.

18                                         19.

19         Since 2005, OYA claims that it is committed to "a zero-tolerance policy towards sexual

20  and other threats of harm" as part of its implementation of the PREA.[4] To that end, OYA created

---

[3] Oregon Youth Authority Issue Brief: Protecting Youth Offenders from Sexual Victimization (February 2011).
[4] *Id.*

GALM LAW
50 SW Pine Street, Suite 403
Portland, OR 97204
Phone: (503) 641-6000

CREW JANCI LLP
9755 SW Barnes Road, Suite 430
Portland, Oregon 97225
Phone: (503) 306-0224

**EXHIBIT 1**
**Page 6 of 29**

a Professional Standards Office ("PSO") to supposedly document, track, and investigate allegations of abuse. Staff were also required to report any knowledge, suspicion, or youth reports (verbal or written) of abuse or harassment. This included establishing (a) an OYA toll-free hotline that adjudicated youth could call to report sexual abuse and (b) a PREA compliance manager for each facility. Prior to establishment of the PSO, there was little to no OYA process or policy concerning the monitoring, reporting, investigation, and tracking of sexual abuse committed by OYA personnel against juveniles in OYA's custody and control.

20.

Despite this alleged implementation, OYA has a long history of ignoring reports of staff sexually abusing youth in its facilities and fostering an environment where unchecked sexual abuse could thrive. This environment stems from OYA failing to timely investigate the large backlog of reports of abuse within its facilities, failing to properly train staff, failing to report known incidents of sexual abuse to external investigative agencies, and failing to implement policies that would protect youth from sexual abuse by staff.

21.

Recently, OYA's systemic failures have been exposed through a series of lawsuits alleging unchecked sexual abuse by OYA staff and media coverage of OYA's lengthy backlog of complaints of sexual abuse that have gone uninvestigated and unaddressed.

**ROBERT L. BLACKSMITH**

22.

Defendant Robert L. Blacksmith was an employee of OYA, working at Hillcrest Youth Correctional Facility. Upon information and belief, he began working for OYA in the mid-1990s and was fired from his position at OYA in 2006. Upon information and belief, Defendant

GALM LAW
50 SW Pine Street, Suite 403
Portland, OR 97204
Phone: (503) 641-6000

CREW JANCI LLP
9755 SW Barnes Road, Suite 430
Portland, Oregon 97225
Phone: (503) 306-0224

**EXHIBIT 1**
**Page 7 of 29**

1  Blacksmith was terminated by OYA after being caught misusing the state computer system to

2  find information about a specific minor boy he was attempting to locate and initiate contact with.

3                                        23.

4          Upon information and belief, Defendant Blacksmith, while employed at OYA, oversaw

5  the adjudicated youths' required daily journaling. He would read their journals and provide

6  feedback, always looking for any reason to punish the youth—even for things like not writing

7  enough in their journals. Upon information and belief, Defendant Blacksmith seemed to enjoy

8  punishing the youth and sending them to isolation. He also often had outbursts of anger directed

9

10 at the youth, and he had been observed throwing coffee mugs at the wall so hard that they broke.

11                                       24.

12         Upon information and belief, Defendant Blacksmith attempted to groom and sexually

13 abuse minor boys outside of OYA custody, as well as those inside. He targeted young boys

14 online and in person, locally and internationally.

15                                       25.

16         Upon information and belief, in or around 2005, Defendant Blacksmith, approximately

17

18 age 38, met a minor boy online, began grooming him, and eventually pressured the boy to meet

19 him in person. Defendant Blacksmith's relationship with the boy quickly escalated to a sexual

20 one, and the two soon began to live together.

21                                       26.

22         In November 2006, Defendant Blacksmith was indicted on 10 counts of Encouraging

23

24 Child Sexual Abuse in the First Degree in Marion County, Oregon. Upon information and belief,

25 Defendant Blacksmith fled the state of Oregon in an attempt to evade these charges, but was

26 subsequently located in Pasadena, CA, in April 2007, where he was found in the possession of

Page 8 – COMPLAINT                    GALM LAW                        CREW JANCI LLP
                                    50 SW Pine Street, Suite 403          9755 SW Barnes Road, Suite 430
                                       Portland, OR 97204                    Portland, Oregon 97225
                                      Phone: (503) 641-6000                 Phone: (503) 306-0224

                                                                               EXHIBIT 1
                                                                             Page 8 of 29

1  child sexual abuse material (commonly referred to as "child pornography") and arrested on

2  additional California criminal charges.[5]

3                                    27.

4      Ultimately in 2010, Defendant Blacksmith pled guilty and was convicted of all 10 counts

5  of Encouraging Child Sexual Abuse in the First Degree in Marion County, Oregon. He was

6

7  sentenced to 190 months in Oregon Department of Corrections custody.

8                            **ABUSE OF M.S.**

9                                    28.

10     Plaintiff realleges and incorporates herein paragraphs 1 through 27.

11                                   29.

12     Plaintiff M.S. is a 38-year-old non-binary person. M.S. was adjudicated in Multnomah

13  County and initially placed in Hillcrest in or around 2001. M.S. was abused by Defendant

14  Blacksmith six to eight times, starting at or around the age of 15.

15                                   30.

16

17     M.S. was abused by Defendant Blacksmith when M.S. was sent to the isolation room at

18  Hillcrest. Defendant Blacksmith would escort M.S. to the isolation room by himself, instead of

19  calling another staff member to chaperone. In the doorway of the isolation room, where there

20  was a blind spot from the cameras, Defendant Blacksmith aggressively grabbed and groped

21  M.S.'s genitals. During the abuse, Defendant Blacksmith would say things to M.S. like, "You

22  deserve this."

23  ///

24

25  ─────────────────

26  [5] *Pair Wanted in Oregon on Child Porn and Sex Abuse Charges Arrested in California*, SALEM-NEWS.COM, Apr. 6, 2007, http://salem-news.com/articles/april062007/sex_abuse_arrests_040607.php.

**GALM LAW**
50 SW Pine Street, Suite 403
Portland, OR 97204
Phone: (503) 641-6000

**CREW JANCI LLP**
9755 SW Barnes Road, Suite 430
Portland, Oregon 97225
Phone: (503) 306-0224

**EXHIBIT 1**
**Page 9 of 29**

31.

After one of the incidents of abuse but before the last incident of abuse, M.S. reported Defendant Blacksmith's abuse to a female OYA staff worker who reported it to her supervisor. M.S. then discussed the abuse with the male OYA supervisor, but the supervisor did not believe M.S.'s report of abuse. A few weeks later, the same male OYA supervisor threatened to take M.S.'s visits with their mom away unless M.S. withdrew their report of Defendant Blacksmith's abuse. M.S. withdrew their report so their mother could continue visiting. The abuse of M.S. by Blacksmith continued thereafter.

32.

As a direct and proximate result of Defendants Robert Blacksmith's and OYA's wrongful conduct, M.S. incurred and/or will incur medical expenses for counseling and psychiatric/psychological treatment of approximately $100,000.

33.

Directly because of Defendants Robert Blacksmith's and OYA's wrongful conduct, M.S. has endured extreme pain, suffering, and emotional distress. Since being released from OYA custody, M.S.'s sense of self-worth, boundaries, and autonomy have been impaired. Their psychological injuries persist to the present and are therefore permanent in nature. Consequently, M.S. has suffered noneconomic damages of $5,000,000, the exact amount to be determined by a jury.

**ALEX BLEVINS**

34.

Upon information and belief, Defendant Alex Blevins began working for OYA at Oak Creek Correctional Facility as a Group Life Coordinator in 2009. He was terminated from his

**GALM LAW**
50 SW Pine Street, Suite 403
Portland, OR 97204
Phone: (503) 641-6000

**CREW JANCI LLP**
9755 SW Barnes Road, Suite 430
Portland, Oregon 97225
Phone: (503) 306-0224

**EXHIBIT 1**
**Page 10 of 29**

1  position in 2014 for creating an unprofessional and hostile work environment and for his

2  dishonesty during the investigation. This stemmed from complaints by two female OYA staff

3  members: one accused Defendant Blevins of joking about anal sex, and the other accused him of

4  imitating a lap dance while standing over or near her. After an investigation, OYA determined

5  that Defendant Blevins had been dishonest during the investigation and terminated his

6  employment.

7

8  **ABUSE OF B.Y.**

9  35.

10  Plaintiff realleges and incorporates herein paragraphs 1 through 34.

11  36.

12  Plaintiff B.Y. is a 32-year-old woman. B.Y. was adjudicated in Marion County and

13  initially placed in Oak Creek in or around 2009. B.Y. was abused by Defendant Blevins at least

14  10 times, starting at or around the age of 16.

15  37.

16  When B.Y. was first placed in Oak Creek, she struggled with depression and suicidal

17  ideation. At that time, she did not speak much English, and so she had trouble describing her

18  symptoms to the medical provider without an interpreter. The provider began to over-prescribe

19  B.Y. with medications until she was so highly medicated that her daily functioning was

20  impaired, including her ability for self-protection.

21  38.

22  Defendant Blevins first abused B.Y. when she was placed in the "safe room" due to her

23  mental health symptoms. While she was in this "safe room," B.Y. was given only a smock to

24  wear and a concrete slab to sleep on. Defendant Blevins supervised B.Y. one-on-one in this room

GALM LAW
50 SW Pine Street, Suite 403
Portland, OR 97204
Phone: (503) 641-6000

CREW JANCI LLP
9755 SW Barnes Road, Suite 430
Portland, Oregon 97225
Phone: (503) 306-0224

**EXHIBIT 1**
**Page 11 of 29**

1  and told her that if she wanted a pillow and blanket, she would have to take her smock off and

2  masturbate for him on her bed while naked. Cold, isolated, and impaired by high doses of

3  medications, B.Y. complied.

4

5                                            39.

6        During her time at Oak Creek, B.Y. was often sent to the "safe room," where Defendant

7  Blevins would usually supervise her alone. When she was alone with Defendant Blevins, he

8  would tell her to come to the door of the room so he could give her food or toilet paper. Then he

9  would tell her to kneel down, and he fondled her breasts. Upon information and belief, there

10  were no cameras that captured what happened in the doorway where Defendant Blevins would

11  molest B.Y.

12                                          40.

13        During at least one interaction between Defendant Blevins and B.Y., Defendant Blevins

14  led her to a closet in the back of the kitchen to give B.Y. her medications. While there,

15  Defendant Blevins shoved his hand down B.Y.'s pants and squeezed her genitals very hard.

16

17                                          41.

18        The abuse by Defendant Blevins became so bad that B.Y. thought her only way to escape

19  was through death, and she made a suicide attempt. Due to this attempt, B.Y. was temporarily

20  sent to Children's Farm Home, but she was returned to Oak Creek after a few months.

21                                          42.

22        When B.Y. returned to Oak Creek, Defendant Blevins began to mock and verbally abuse

23  her. Defendant Blevins mocked B.Y. for thinking that she could get away from him. He called

24  her "retarded," "mental," and a "fucking freak show," asserting that no one would believe her if

25

26

**GALM LAW**
50 SW Pine Street, Suite 403
Portland, OR 97204
Phone: (503) 641-6000

**CREW JANCI LLP**
9755 SW Barnes Road, Suite 430
Portland, Oregon 97225
Phone: (503) 306-0224

**EXHIBIT 1**
**Page 12 of 29**

1   she reported the abuse because of her mental health struggles. Defendant Blevins would also

2   body shame B.Y. and tell her that she deserved what he was doing to her.

3                                          43.

4           As the verbal and sexual abuse escalated, B.Y. felt hopeless and began cutting herself.

5   One time, she used her own blood to write on the wall "fuck you Alex." Ultimately, she

6   attempted suicide again.

7

8                                          44.

9           After her second suicide attempt, B.Y. was sent to the Oregon State Hospital for 30 days.

10                                         45.

11          B.Y. never told anyone about the abuse while she was at Children's Farm Home or the

12  Oregon State Hospital because she was scared it would make things worse.

13                                         46.

14          When she was brought back to Oak Creek, B.Y. requested to be transferred to the Coffee

15  Creek facility because she was now 18. She was ultimately transferred to Coffee Creek at the end

16  of 2010 or beginning of 2011.

17

18                                         47.

19          Before B.Y. was transferred and after she wrote the message on the wall in her blood, an

20  Oak Creek staff member became suspicious and asked B.Y. if something was going on. B.Y. told

21  the staff member that she had been abused but was afraid to disclose Defendant Blevins' name

22  because she was about to get transferred to Coffee Creek and did not want to risk getting into

23  trouble.

24  ///

25  ///

26

**GALM LAW**
50 SW Pine Street, Suite 403
Portland, OR 97204
Phone: (503) 641-6000

**CREW JANCI LLP**
9755 SW Barnes Road, Suite 430
Portland, Oregon 97225
Phone: (503) 306-0224

**EXHIBIT 1**
**Page 13 of 29**

48.

After she was moved to Coffee Creek, B.Y. was interviewed by the Oregon State Police in 2011 about a sexual assault by another inmate that B.Y. had reported. During her interview with the police, B.Y. also finally disclosed the sexual abuse by Defendant Blevins at Oak Creek. However, B.Y. never heard any follow-up about her report and assumed that they had dropped the investigation.

49.

After B.Y.'s report to Oregon State Police in 2011, Defendant Blevins continued working at Oak Creek for nearly three more years until he was terminated on March 20, 2014, due to sexual harassment allegations from two female OYA employees.

50.

As a direct and proximate result of Defendants Alex Blevins' and OYA's wrongful conduct, B.Y. incurred and/or will incur medical expenses for counseling and psychiatric/psychological treatment of approximately $100,000.

51.

Directly because of Defendants Alex Blevins' and OYA's wrongful conduct, B.Y. has endured extreme pain, suffering, and emotional distress. Since being released from custody, B.Y. has experienced shame, believing that she was at fault for Defendant Blevins' abuse. B.Y.'s ability to trust others and express intimacy has been significantly impaired. B.Y. has also struggled with suicidal ideation and self-worth. Her psychological injuries persist to the present and are therefore permanent in nature. Consequently, B.Y. has suffered noneconomic damages of $5,000,000, the exact amount to be determined by a jury.

///

**GALM LAW**
50 SW Pine Street, Suite 403
Portland, OR 97204
Phone: (503) 641-6000

**CREW JANCI LLP**
9755 SW Barnes Road, Suite 430
Portland, Oregon 97225
Phone: (503) 306-0224

**EXHIBIT 1**
**Page 14 of 29**

**DISCOVERY OF HARM**

52.

Plaintiffs reallege and incorporate herein paragraphs 1-51.

53.

Each of Plaintiffs' claims set out herein are timely for one or more of the following

reasons:

a.  Any limitations periods applicable to Plaintiffs' claims were tolled based on minority;

b.  Any limitations periods applicable to Plaintiffs' claims were tolled based on a disabling

mental condition;

c.  Any limitations periods applicable to Plaintiffs' claims are equitably tolled or Defendants

are otherwise equitably estopped from attacking Plaintiffs' claims on timeliness grounds

(including, on information and belief, based on Defendant's fraudulent concealment);

d.  Less than two years have elapsed since Plaintiffs discovered that the conduct by

Defendants OYA, Directors, and Superintendents was negligent or otherwise actionable;

e.  Less than two years have elapsed since Plaintiffs discovered their injuries and the causal

role that conduct by Defendants played in their injuries; and

f.  Plaintiffs are under 40 years old and therefore their claims are timely under ORS 12.117.

54.

Less than two years before the date of this complaint, Plaintiffs discovered the causal

connection between their abuse, the resulting injuries distinct from the abuse itself, and the

responsibility of Defendants OYA, Directors, and Superintendents in causing those injuries.

Plaintiffs did not discover (and could not reasonably have discovered) at an earlier time the

causal connection between the abuse and the damages suffered as a result of the abuse. The

**GALM LAW**
50 SW Pine Street, Suite 403
Portland, OR 97204
Phone: (503) 641-6000

**CREW JANCI LLP**
9755 SW Barnes Road, Suite 430
Portland, Oregon 97225
Phone: (503) 306-0224

**EXHIBIT 1**
**Page 15 of 29**

1  psychological effects of the abuse Plaintiffs suffered prevented them from discovering the causal

2  connection between the abuse and the damages they suffered as a result of the abuse. Plaintiffs'

3  claims are timely pursuant to ORS 12.117.

4                                        55.

5      Notice of claim is not required for claims against OYA by claimants who was under 18

6  years of age and in OYA custody when the acts or omissions giving rise to the claim occurred.

7  To the extent notice of claim was required against any Defendant under ORS 30.275, Plaintiffs

8

9  timely provide such notice by the filing of this lawsuit.

10                             **SUPERVISORY LIABILITY**

11                                        56.

12     Plaintiffs reallege and incorporate herein paragraphs 1-55.

13                                        57.

14     Directors and Superintendents were employed by the OYA at the time that Defendants

15

16  Blacksmith and Blevins sexually abused Plaintiffs M.S. and B.Y. respectively. Defendant

17  Directors and Superintendents were aware of OYA's long history of turning a blind eye to

18  reports of staff sexually abusing youth at its facilities. Both failed in their respective supervisory

19  roles to prevent the sexual abuse of Plaintiffs, including the following failures:

20     a.  Failing to investigate reports of abuse properly or at all—as well as suppressing

21         reports of abuse or threatening youth to withdraw their reports of abuse;

22     b.  Failing to refer known incidents to outside investigative agencies;

23

24     c.  Failing to install sufficient security and monitoring equipment at Oak Creek and

25         Hillcrest to deter the abuse of minors;

26     d.  Failing to implement policies and procedures to adequately vet job

**GALM LAW**
50 SW Pine Street, Suite 403
Portland, OR 97204
Phone: (503) 641-6000

**CREW JANCI LLP**
9755 SW Barnes Road, Suite 430
Portland, Oregon 97225
Phone: (503) 306-0224

**EXHIBIT 1**
**Page 16 of 29**

1    applicants, particularly for those positions requiring one-on-one interaction with

2    juveniles, for a history of or proclivity to child sex abuse;

3    e.  Failing to implement and enforce policies to adequately supervise OYA staff in their

4        interactions with adjudicated youth to properly prevent child abuse;

5    f.  Failing to train OYA's employees to recognize and properly respond to warning signs and

6        dangers of child abuse and to report any and all signs or reports of sexual abuse;

7

8    g.  Failing to foster an environment where adjudicated youth feel safe to report abuse; and

9    h.  Facilitating a general culture in which the abuse of juveniles was accepted.

10                                    58.

11   The State of Oregon and the OYA are entrusted with the rehabilitation of children

12   adjudged delinquent. When the State imprisons these vulnerable children in detention facilities

13   and thereby removes them from their families and their communities, the State removes their

14   opportunities for self-protection, and the State is instead entrusted with caring for and protecting

15   these completely dependent youth.

16

17                                    59.

18   Given the vulnerability of the juvenile population housed at OYA facilities, and the

19   OYA's history of a sustained and systemic problem of youth in its custody being targeted for

20   sexual assault, a supervisor exercising a reasonable amount of care would have noticed and

21   protected Plaintiffs from the predatory threats that Robert Blacksmith and Alex Blevins

22   presented to M.S. and B.Y., respectively.

23

24                                    60.

25   By failing to ensure that the policies enacted by their own agency to prevent, investigate,

26   and respond to sexual abuse were followed or enforced, and by ignoring reports that staff were

**GALM LAW**
50 SW Pine Street, Suite 403
Portland, OR 97204
Phone: (503) 641-6000

**CREW JANCI LLP**
9755 SW Barnes Road, Suite 430
Portland, Oregon 97225
Phone: (503) 306-0224

**EXHIBIT 1**
**Page 17 of 29**

1  engaging in sexual abuse of youth, Directors consciously disregarded widespread sexual abuse of

2  youth at OYA facilities, thus creating the conditions that allowed Defendants Blacksmith and

3  Blevins to sexually abuse Plaintiffs. This behavior evinced a deliberate indifference to Plaintiffs'

4  right to be free from coerced sexual contact.

5                                             61.

6

7      By failing to ensure that OYA's policies to prevent, investigate, and respond to

8  sexual abuse were followed or enforced at Hillcrest and Oak Creek, and by ignoring reports that

9  staff were engaging in sexual abuse of youth, Superintendents consciously disregarded

10  widespread sexual abuse of youth at Hillcrest and Oak Creek, thus creating the conditions that

11  allowed Defendants Blacksmith and Blevins to sexually abuse M.S. and B.Y., respectively. This

12  behavior evinced a deliberate indifference to Plaintiffs' right to be free from coerced sexual

13  contact.

14                              **FIRST CLAIM FOR RELIEF**

15                                **Negligence under OTCA**

16                                 (Against State of Oregon)

17

18                                            62.

19      Plaintiffs reallege and incorporate herein paragraphs 1 through 61.

20                                            63.

21      By taking custody of Plaintiffs and acting *in loco parentis* towards them during the period

22  of their confinement, the State entered into a special relationship with each Plaintiff. At all

23  material times, Defendants were in a special relationship with Plaintiffs by virtue of their

24  statutory obligations to children in their care generally and to Plaintiffs specifically. As their

25  legal and physical guardian and custodian, Defendants owed Plaintiffs a heightened duty of care

26

**GALM LAW**
50 SW Pine Street, Suite 403
Portland, OR 97204
Phone: (503) 641-6000

**CREW JANCI LLP**
9755 SW Barnes Road, Suite 430
Portland, Oregon 97225
Phone: (503) 306-0224

**EXHIBIT 1**
**Page 18 of 29**

1  to provide a safe environment and protect them from abuse and injury while in OYA's care.

2  64.

3  Defendants' conduct and care were unreasonably below the applicable standard of care

4  and negligently and unreasonably created a foreseeable risk of harm to Plaintiffs in one or more

5  of the following particulars:

6

7     a.  In allowing for extended and unmonitored individual interactions between OYA staff—

8        including Defendants Blacksmith and Blevins—and youth;

9     b.  In failing to notice, investigate, or intervene to protect Plaintiffs from Defendants

10        Blacksmith's and Blevins' inappropriate and sexual conduct towards M.S. and B.Y.,

11        respectively;

12     c.  In failing to properly supervise Defendants Blacksmith and Blevins; and

13     d.  In failing to properly vet, hire, train, and retain qualified personnel, including medical

14        providers, corrections officers, and other facility staff.

15

16  65.

17  Defendant OYA's negligence caused Plaintiffs' injuries and damages set out herein. As a

18  result of OYA's negligence as alleged above, Plaintiffs suffered the harm and damages alleged

19  herein.

20  **SECOND CLAIM FOR RELIEF**

21  **42 USC § 1983 – Civil Rights Violation**

22  (Substantive Due Process – Violation of 14th Amendment)

23  (Against All Individual Defendants)

24  66.

25  Plaintiffs reallege and incorporate herein paragraphs 1 through 65.

26

**GALM LAW**
50 SW Pine Street, Suite 403
Portland, OR 97204
Phone: (503) 641-6000

**CREW JANCI LLP**
9755 SW Barnes Road, Suite 430
Portland, Oregon 97225
Phone: (503) 306-0224

**EXHIBIT 1**
**Page 19 of 29**

67.

Defendants Blacksmith and Blevins were working within the course and scope of their employment at the OYA when they engaged in the wrongful conduct alleged above.

68.

Defendants Blacksmith and Blevins were working as staff members or employees of a youth correctional facility.

69.

Defendants Blacksmith and Blevins were acting under color of state law.

70.

Plaintiffs were confined to Hillcrest and Oak Creek as adjudicated youth at the time they were sexually abused as alleged above.

71.

Defendants Blacksmith and Blevins touched Plaintiffs, M.S. and B.Y., respectively, in a sexual manner without legitimate penological or medical justification or purpose. This sexual touching was not reasonably related to any legitimate government objective.

72.

Defendants Blacksmith and Blevins acted for their own sexual gratification.

73.

Defendants Blacksmith's and Blevins' sexual abuse of Plaintiffs constituted a substantial departure from professional judgment, practice, or standards.

///

///

///

GALM LAW
50 SW Pine Street, Suite 403
Portland, OR 97204
Phone: (503) 641-6000

CREW JANCI LLP
9755 SW Barnes Road, Suite 430
Portland, Oregon 97225
Phone: (503) 306-0224

EXHIBIT 1
Page 20 of 29

1

74.

2      Defendants Blacksmith and Blevins failed to provide for Plaintiffs' reasonable safety

3  while confined in OYA facilities by repeatedly engaging in coerced sexual conduct with

4  Plaintiffs.

5

75.

6

7      Through the failures outlined above, the Directors and Superintendents created the

8  conditions at Hillcrest and Oak Creek under which Defendants Blacksmith's and Blevins' sexual

9  contact with Plaintiffs was possible.

10

76.

11      Those conditions put Plaintiffs at substantial risk of suffering serious harm, namely, the

12  risk that Plaintiffs would be sexually abused by OYA staff or employees.

13

77.

14

15      The Directors and Superintendents failed to take reasonable available measures to abate

16  the risk that Plaintiffs would be sexually abused by a staff member while confined at Hillcrest or

17  Oak Creek.

18

78.

19      The Directors and Superintendents, in failing to act to protect Plaintiffs from sexual abuse

20  by Defendants Blacksmith and Blevins, failed to provide for Plaintiffs' reasonable safety.

21

79.

22      The Directors' and Superintendents' failure to take reasonable available measures, as

23  alleged above, constituted a substantial departure from professional judgment, practice, or

24  standards.

25

26  ///

GALM LAW
50 SW Pine Street, Suite 403
Portland, OR 97204
Phone: (503) 641-6000

CREW JANCI LLP
9755 SW Barnes Road, Suite 430
Portland, Oregon 97225
Phone: (503) 306-0224

**EXHIBIT 1**
**Page 21 of 29**

80.

In so doing, given the history at OYA, the Directors and Superintendents evinced deliberate indifference to Plaintiffs' right to be free from coerced sexual contact with Defendants Blacksmith and Blevins.

81.

No Defendants took reasonable, appropriate, and legally mandated steps to stop sexual abuse from occurring.

82.

Pursuant to 42 U.S.C. § 1988, Plaintiffs are entitled to recover reasonable and necessary attorney fees and costs incurred in the prosecution of this action.

**THIRD CLAIM FOR RELIEF**

**42 USC § 1983 – Civil Rights Violation**

(Failure to Protect – Violation of 8th Amendment)

(Against All Individual Defendants)

83.

Plaintiffs reallege and incorporate herein paragraphs 1 through 82.

84.

Defendants Blacksmith and Blevins were working within the course and scope of their employment at the OYA when they engaged in the wrongful conduct alleged above.

85.

Defendants Blacksmith and Blevins were working as staff members or employees of a youth correctional facility.

///

GALM LAW
50 SW Pine Street, Suite 403
Portland, OR 97204
Phone: (503) 641-6000

CREW JANCI LLP
9755 SW Barnes Road, Suite 430
Portland, Oregon 97225
Phone: (503) 306-0224

**EXHIBIT 1**
**Page 22 of 29**

1    86.

2    Defendants Blacksmith and Blevins were acting under color of state law.

3    87.

4    Plaintiffs were confined to Hillcrest or Oak Creek as adjudicated youth at the time they

5    were sexually abused as alleged above.

6    88.

7

8    Defendants Blacksmith and Blevins touched Plaintiffs, M.S. and B.Y., respectively, in a

9    sexual manner without legitimate penological or medical justification or purpose. This sexual

10   touching was not reasonably related to any legitimate government objective.

11   89.

12   Defendants Blacksmith and Blevins acted for their own sexual gratification.

13   90.

14

15   Defendants Blacksmith's and Blevins' sexual abuse of Plaintiffs constituted a substantial

16   departure from professional judgment, practice, or standards.

17   91.

18   Defendants Blacksmith and Blevins failed to provide for Plaintiffs' reasonable safety

19   while confined in OYA facilities by repeatedly engaging in coerced sexual conduct with

20   Plaintiffs.

21   92.

22

23   Through the failures outlined above, the Directors and Superintendents created the

24   conditions at Hillcrest and Oak Creek under which Defendants Blacksmith's and Blevins's

25   sexual contact with Plaintiffs was possible.

26   ///

Page 23 – COMPLAINT

**GALM LAW**
50 SW Pine Street, Suite 403
Portland, OR 97204
Phone: (503) 641-6000

**CREW JANCI LLP**
9755 SW Barnes Road, Suite 430
Portland, Oregon 97225
Phone: (503) 306-0224

**EXHIBIT 1**
**Page 23 of 29**

93.

Those conditions put Plaintiffs at substantial risk of suffering serious harm, namely, the risk that Plaintiffs would be sexually abused by OYA staff or employees.

94.

The Directors and Superintendents failed to take reasonable available measures to abate the risk that Plaintiffs would be sexually abused by a staff member while confined at Hillcrest or Oak Creek.

95.

The Directors and Superintendents, in failing to act to protect Plaintiffs from sexual abuse by Defendants Blacksmith and Blevins, failed to provide for Plaintiffs' reasonable safety.

96.

The Directors' and Superintendents' failure to take reasonable available measures, as alleged above, constituted a substantial departure from professional judgment, practice, or standards.

97.

In so doing, given the history at OYA, the Directors and Superintendents evinced deliberate indifference to Plaintiffs' safety from coerced sexual contact with Defendants Blacksmith and Blevins.

98.

No Defendants took reasonable, appropriate, and legally mandated steps to stop sexual abuse from occurring.

///

///

**GALM LAW**
50 SW Pine Street, Suite 403
Portland, OR 97204
Phone: (503) 641-6000

**CREW JANCI LLP**
9755 SW Barnes Road, Suite 430
Portland, Oregon 97225
Phone: (503) 306-0224

**EXHIBIT 1**
**Page 24 of 29**

99.

Pursuant to 42 U.S.C. § 1988, Plaintiffs are entitled to recover reasonable and necessary attorney fees and costs incurred in the prosecution of this action.

**FOURTH CLAIM FOR RELIEF**

**42 U.S.C. § 1983 – Civil Rights Violation**

(Excessive Force – Violation of 8th Amendment)

(By M.S. against Defendant Blacksmith and by B.Y. against Defendant Blevins)

100.

Plaintiff realleges and incorporates herein paragraphs 1 through 99.

101.

Defendants Blacksmith and Blevins were working within the course and scope of their employment at the OYA when they engaged in the wrongful conduct alleged above.

102.

Defendants Blacksmith and Blevins were working as staff members of a youth correctional facility.

103.

Defendants Blacksmith and Blevins were acting under color of state law.

104.

Defendants Blacksmith and Blevins touched Plaintiffs M.S. and B.Y. respectively in a sexual manner without penological justification and for the purpose of humiliating, degrading, or demeaning the Plaintiffs.

///

///

**GALM LAW**
50 SW Pine Street, Suite 403
Portland, OR 97204
Phone: (503) 641-6000

**CREW JANCI LLP**
9755 SW Barnes Road, Suite 430
Portland, Oregon 97225
Phone: (503) 306-0224

**EXHIBIT 1**
**Page 25 of 29**

105.

Defendants Blacksmith and Blevins acted for their own sexual gratification and with malicious and sadistic intent.

106.

Defendants Blacksmith's and Blevins' use of excessive and unnecessary sexual force against Plaintiffs proximately caused their injuries.

107.

Pursuant to 42 U.S.C. § 1988, Plaintiffs are entitled to recover reasonable and necessary attorney fees and costs incurred in the prosecution of this action.

**FIFTH CLAIM FOR RELIEF**

**Sexual Battery of Child – *Respondeat Superior* – under OTCA**

(Against Defendant OYA)

108.

Plaintiff realleges and incorporates herein paragraphs 1 through 107.

109.

While acting in the course and scope of their agency for Defendant OYA, Defendants Blacksmith and Blevins engaged in harmful and offensive touching of Plaintiffs M.S. and B.Y. respectively, to which Plaintiffs did not or could not consent.

110.

Acts within the course and scope of Defendants Blacksmith's and Blevins' agency with Defendant OYA led to or resulted in the sexual batteries of Plaintiffs.

///

///

**GALM LAW**
50 SW Pine Street, Suite 403
Portland, OR 97204
Phone: (503) 641-6000

**CREW JANCI LLP**
9755 SW Barnes Road, Suite 430
Portland, Oregon 97225
Phone: (503) 306-0224

**EXHIBIT 1**
**Page 26 of 29**

1       111.

2       As a direct result of Defendants Blacksmith's and Blevins' sexual batteries, Plaintiffs

3   have incurred economic and noneconomic damages as set out more fully above. Defendant OYA

4   is vicariously liable for the sexual batteries of Defendants Blacksmith and Blevins. Therefore,

5   Plaintiffs are entitled to compensatory damages from Defendant OYA in an amount to be

6   determined by a jury.

7

8                    **NOTICE OF POTENTIAL CONSTITUTIONAL QUESTION**

9                    112.

10      As to any claim for relief, to the extent that any of the Defendants seek to reduce any

11  compensatory damage verdict in favor of Plaintiffs on the basis of statutory damages limits from

12  former ORS 30.270 (repealed in 2009), Plaintiffs avers that such damages limits are

13  constitutionally inadequate as applied to this case.

14                                  **PRAYER FOR RELIEF**

15      WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

16

17  1.  On the First Claim for Relief for Negligence:

18          a)  Economic damages in the amount of $100,000 per Plaintiff;

19          b)  Noneconomic damages in the amount of $5,000,000 per Plaintiff; and

20          c)  Costs and disbursements incurred herein.

21  2.  On the Second Claim of for Relief for Civil Rights Violations – 14th Amendment Due

22      Process:

23          a)  Economic damages in the amount of $100,000 per Plaintiff;

24          b)  Noneconomic damages in the amount of $5,000,000 per Plaintiff;

25          c)  Attorney fees incurred herein pursuant to 42 U.S.C. § 1988;

26

**GALM LAW**
50 SW Pine Street, Suite 403
Portland, OR 97204
Phone: (503) 641-6000

**CREW JANCI LLP**
9755 SW Barnes Road, Suite 430
Portland, Oregon 97225
Phone: (503) 306-0224

**EXHIBIT 1**
**Page 27 of 29**

1     d)  Costs and disbursements incurred herein; and

2     e)  Any other relief that the Court deems necessary.

3     3.  On the Third Claim for Relief for Civil Rights Violations – 8th Amendment Cruel and

4     Unusual Punishment (Failure to Protect):

5     a)  Economic damages in the amount of $100,000 per Plaintiff;

6

7     b)  Noneconomic damages in the amount of $5,000,000 per Plaintiff; and

8     c)  Attorney fees incurred herein pursuant to 42 U.S.C. § 1988;

9     d)  Costs and disbursements incurred herein; and

10    e)  Any other relief that the Court deems necessary.

11    4.  On the Fourth Claim for Relief for Civil Rights Violations – 8th Amendment Cruel

12    and Unusual Punishment (Excessive Force):

13    a)  Economic damages in the amount of $100,000 per Plaintiff;

14    b)  Noneconomic damages in the amount of $5,000,000 per Plaintiff; and

15

16    c)  Attorney fees incurred herein pursuant to 42 U.S.C. § 1988;

17    d)  Costs and disbursements incurred herein; and

18    e)  Any other relief that the Court deems necessary.

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

**GALM LAW**
50 SW Pine Street, Suite 403
Portland, OR 97204
Phone: (503) 641-6000

**CREW JANCI LLP**
9755 SW Barnes Road, Suite 430
Portland, Oregon 97225
Phone: (503) 306-0224

**EXHIBIT 1**
**Page 28 of 29**

1      5.   On the Fifth Claim for Sexual Battery of a Child—*Respondeat Superior*—under

2          OTCA:

3          a)  Economic damages in the amount of $100,000 per Plaintiff;

4          b)  Noneconomic damages in the amount of $5,000,000 per Plaintiff; and

5          c)  Costs and disbursements incurred herein.

6      DATED: July 23, 2025.

7                                        /s/ Peter Janci
8                                        Peter Janci, OSB #074249
9                                        CREW JANCI LLP
                                         9755 SW Barnes Rd., Ste. 430
10                                       Portland, OR 97225
                                         Phone: (503) 306-0224
11

12                                       /s/ Paul Galm
13                                       Paul C. Galm, OSB #002600
                                         GALM LAW
14                                       50 SW Pine St., Ste. 403
                                         Portland, OR 97204
15                                       Phone: (503) 641-6000

16
                                         /s/ Kendall M. H. Spinella
17                                       Kendall M.H. Spinella, OSB #214446
18                                       CREW JANCI LLP
                                         9755 SW Barnes Rd., Ste. 430
19                                       Portland, OR 97225
                                         Phone: (503) 306-0224
20

21                                       *Attorneys for Plaintiff*

22

23

24

25

26

GALM LAW
50 SW Pine Street, Suite 403
Portland, OR 97204
Phone: (503) 641-6000

CREW JANCI LLP
9755 SW Barnes Road, Suite 430
Portland, Oregon 97225
Phone: (503) 306-0224

EXHIBIT 1
Page 29 of 29